# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# GULFPORT DIVISION

| | |
|---|---|
| IN RE<br><br>CHANCE DUSTIN SIMS<br><br>　　Debtor. | CASE NO. 26-50207-KMS<br>CHAPTER 7 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

　　COMES NOW TD Bank, N.A. ("TD Bank"), by and through counsel, pursuant to 11 U.S.C. § 362 and Rule 4001 of the Federal Rules of Bankruptcy Procedure, and respectfully states as follows:

　　1.　　TD Bank is a secured creditor of Chance Dustin Sims ("Debtor") by virtue of Retail Installment Sale Contract ("Contract") dated April 9, 2024 for the purchase of a 2024 RAM 2500, VIN: 3C6UR5FL0RG131466 ("Vehicle").  A true and correct copy of the Contract is attached hereto and incorporated herein.

　　2.　　TD Bank holds a validly perfected, first priority security interest in the Vehicle as noted on the Certificate of Title for the Vehicle issued by the State of Mississippi.  A true and correct copy of the Certificate of Title is attached hereto and incorporated herein.

　　3.　　The Debtor is in payment default under the Contract in the amount of $3,161.00 (representing $1,420.80 of the January 9, 2026 monthly payment, the full February 9, 2026 monthly payment of $1,710.20, and late fees in the amount of $30.00).  TD Bank last received a payment on January 15, 2026 in the amount of $1,800.00, which payment was applied to satisfy the December 9, 2025 monthly payment.

　　4.　　The payoff balance due under the Contract is $77,438.47.

　　5.　　The KBB fair purchase price of the Vehicle is $52,530.00.  A true and correct copy of the KBB Value Report for the Vehicle is attached hereto and incorporated herein.

6.      Pursuant to 11 U.S.C. § 362(d)(1), sufficient cause exists to terminate the automatic stay as to TD Bank, the Vehicle and the proceeds thereof, due to the Debtor's Contract defaults and lack of adequate protection.

7.      Pursuant to 11 U.S.C. § 362(d)(2), sufficient cause exists to terminate the automatic stay as to TD Bank, the Vehicle and the proceeds thereof, as there is no equity in the Vehicle and it is not necessary for the Debtor's effective reorganization.

WHEREFORE, the above premises considered, TD Bank prays that:

a.   TD Bank be granted relief from the automatic stay provisions of 11 U.S.C. § 362 in order that it may proceed with the enforcement of the security interest in the Vehicle and with any and all other remedies available under state or federal law that are not inconsistent with Title 11 of the United States Code;

b.   The provisions of Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure be waived; and

c.   TD Bank be granted such other and further relief to which it may be entitled.

Respectfully submitted,

/s/ Jacob Zweig
Jacob Zweig (MS Bar No. 104725)
Attorney for TD Bank
Evans Petree PC
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
(901) 271-0726
jzweig@evanspetree.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of February, 2026, a copy of the foregoing electronically filed Motion for Relief from Automatic Stay was served on the parties listed below by first-class mail, postage-prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

Thomas Carl Rollins, Jr.
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS  39236

Derek A. Henderson T1
Chapter 7 Trustee
1765-A Lelia Drive, Suite 103
Jackson, MS  39201

Chance Dustin Sims
440 Old Hwy 15 S
Ellisville, MS  39437

/s/ Jacob Zweig
Jacob Zweig (MS Bar No. 104725)
Attorney for TD Bank
Evans Petree PC