1050015975%0955%05302024%PB02687

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $39,750.00 | 05-30-2024 | 06-05-2030 | 5975 | 4A / 105 | PB02687 | *** | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** PULSE ELECTRIC LLC
212 CENTRAL AVENUE
LAUREL, MS 39440-0000

**Lender:** THE FIRST BANK
Laurel Branch
1945 Hwy 15 North
Laurel, MS 39441
(601) 425-4000

**Principal Amount: $39,750.00** **Date of Note: May 30, 2024**

**PROMISE TO PAY.** PULSE ELECTRIC LLC ("Borrower") promises to pay to THE FIRST BANK ("Lender"), or order, in lawful money of the United States of America, the principal amount of Thirty-nine Thousand Seven Hundred Fifty & 00/100 Dollars ($39,750.00), together with interest on the unpaid principal balance from May 30, 2024, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 8.500% per annum based on a year of 360 days, until paid in full. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

**PAYMENT.** Borrower will pay this loan in 71 payments of $710.11 each payment and an irregular last payment estimated at $709.52. Borrower's first payment is due July 5, 2024, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on June 5, 2030, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any late charges; and then to any unpaid collection costs. Any accrued interest not paid when due is added to principal and thereafter will accrue interest as principal. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing. All payments must be made in U.S. dollars and must be received by Lender consistent with any written payment instructions provided by Lender. If a payment is made consistent with Lender's payment instructions but received after normal business hours, Lender will credit Borrower's payment on the next business day.

**INTEREST CALCULATION METHOD.** Interest on this Note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method.

**PREPAYMENT; MINIMUM INTEREST CHARGE.** Borrower agrees that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be subject to refund upon early payment (whether voluntary or as a result of default), except as otherwise required by law. In any event, even upon full prepayment of this Note, Borrower understands that Lender is entitled to a minimum interest charge of $15.00. Other than Borrower's obligation to pay any minimum interest charge, Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: THE FIRST BANK, P.O. Box 15549 Hattiesburg, MS 39404.

**LATE CHARGE.** If a payment is 16 days or more late, Borrower will be charged 4.000% of the unpaid portion of the regularly scheduled payment or $5.00, whichever is greater.

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the total sum due under this Note will continue to accrue interest at the interest rate under this Note.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.** Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Death or Insolvency.** The dissolution of Borrower (regardless of whether election to continue is made), any member withdraws from Borrower, or any other termination of Borrower's existence as a going business or the death of any member, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ARBITRATION .** THIS ARBITRATION PROVISION PROVIDES THAT I MAY BE REQUIRED TO SETTLE A CLAIM OR DISPUTE THROUGH ARBITRATION, EVEN IF I PREFER TO LITIGATE SUCH CLAIMS IN COURT. I ACKNOWLEDGE THAT I AM WAIVING RIGHTS I MAY HAVE TO LITIGATE MY CLAIMS IN A COURT OR BEFORE A JURY. I ALSO ACKNOWLEDGE THAT I AM WAIVING MY RIGHT TO PARTICIPATE IN A CLASS ACTION LAWSUIT, CLASS ACTION ARBITRATION, OR OTHER REPRESENTATIVE ACTION WITH RESPECT TO SAID CLAIMS.
This arbitration provision is a part of every Promissory Note entered into by Lender, and Lender does not agree to hold a class action arbitration. Any and all disputes, controversies or claims ("Claims") either of us may have against the other, whether based on law, statute, contract, tort, regulation, common law or any other legal theory; and whether seeking as a remedy money damages, penalties, injunctions or declaratory, or equitable relief, shall be, at the election of either of us, resolved by binding arbitration under the terms of the Federal Arbitration Act ("FAA") and said arbitration shall be administered by the American Arbitration Association ("AAA"), according to its Commercial Arbitration Rules and the Supplemental Procedures for Consumer-Related disputes, if ap… include Claims asserted as counter-claims, cross-claims, third-party claims, interpleaders, or othe… costs and expenses including attorneys' fees, as permitted by the AAA rules. Any court with juris… made by the arbitrator. The

EXHIBIT
tabbies
U

arbitrator's award will be final and binding upon the parties except for any appeal right under the FAA.

No act to take or dispose of any property securing any obligation I have to Lender under this Note shall constitute a waiver of this arbitration provision or be prohibited by this arbitration provision. This includes, without limitation, obtaining injunctive relief or temporary restraining order, invoking a power of sale under any deed of trust or mortgage, obtaining a writ of attachment or imposition of a receiver, or exercising any rights relating to personal property, including taking or disposing of such property with or without judicial process pursuant to Article 9 of the Uniform Commercial Code. Any disputes, claims or controversies concerning the lawfulness or reasonableness of any act or exercise of any right concerning any property securing an obligation I have to Lender, including any claim to rescind, reform or otherwise modify any agreement relating to the property securing this Note, shall also be arbitrated, provided however, that no arbitrator shall have the right or the power to enjoin or restrain any act of any party. **ARBITRATION CLAUSE DOES NOT APPLY TO COVERED BORROWERS**

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER.** Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Mississippi without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Mississippi.

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Jones County, State of Mississippi.

**DISHONORED ITEM FEE.** Borrower will pay a fee to Lender of $36.00 if Borrower makes a payment on Borrower's loan and the check or preauthorized charge with which Borrower pays is later dishonored. In the event Lender is charged a fee or service charge as a result of return of a dishonored payment, Lender may add up to $15.00 of such fee or service charge to the unpaid principal balance.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**COLLATERAL.** Borrower acknowledges this Note is secured by the following collateral described in the security instrument listed herein:

(A) a Commercial Security Agreement dated May 30, 2024 made and executed between PULSE ELECTRIC LLC and Lender on collateral described as:

2024 RAM 1500 CLASSIC TRADESMAN TRUCK (VIN 1C6RR6FG0RS138070)

**SINGLE INTEREST INSURANCE.** I WILL PURCHASE SINGLE INTEREST INSURANCE FOR THE AMOUNTS YOU REQUIRE AS DESCRIBED IN ONE OF THE OTHER DOCUMENTS I SIGN FOR THIS LOAN.

I MAY OBTAIN SINGLE INTEREST INSURANCE FROM ANYONE I WANT THAT IS ACCEPTABLE TO YOU. IF I GET THE INSURANCE FROM OR THROUGH YOU, I WILL PAY $25.00 FOR 72 MONTH(S) OF COVERAGE.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

PULSE ELECTRIC LLC

By: _____
    CHANCE D. SIMS, Manager of PULSE ELECTRIC
    LLC

LaserPro, Ver. 23.4.10.021 Copr. Finastra USA Corporation 1997, 2024. All Rights Reserved. - MS C:\Harland\CFI\LPL\D20.FC TR-66072 PR-20