1050016769%0955%01232025%SB05041

## PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|-----------|-----------|----------|---------|-------------|---------|---------|----------|
| $19,920.00 | 01-23-2025 | 01-25-2028 | 6769 | 6D / 255 | SB05041 | LAF901 | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "****" has been omitted due to text length limitations.

**Borrower:**  CHANCE D. SIMS
212 CENTRAL AVENUE
LAUREL, MS 39440-4024

**Lender:**  THE FIRST BANK
Laurel Branch
1945 Hwy 15 North
Laurel, MS 39441
(601) 425-4000

---

**Principal Amount: $19,920.00**          **Interest Rate: 13.000%**          **Date of Note: January 23, 2025**

**PROMISE TO PAY.** I ("Borrower") promise to pay to THE FIRST BANK ("Lender"), or order, in lawful money of the United States of America, the principal amount of Nineteen Thousand Nine Hundred Twenty & 00/100 Dollars ($19,920.00), together with interest on the unpaid principal balance from January 23, 2025, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 13.000% per annum, until paid in full. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

**PAYMENT.** I will pay this loan in 35 payments of $671.47 each payment and an irregular last payment estimated at $671.34. My first payment is due February 25, 2025, and all subsequent payments are due on the same day of each month after that. My final payment will be due on January 25, 2028, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any escrow or reserve account payments as required under any mortgage, deed of trust, or other security instrument or security agreement securing this Note; then to any late charges; and then to any unpaid collection costs. Any accrued interest not paid when due is added to principal and thereafter will accrue interest as principal.

**INTEREST CALCULATION METHOD.** Interest on this Note is computed on a 365/365 basis; that is, by applying the ratio of the interest rate over the number of days in a year (365 for all years, including leap years), multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method.

**RECEIPT OF PAYMENTS.** All payments must be made in U.S. dollars and must be received by Lender at:

THE FIRST BANK
P.O. Box 15549
Hattiesburg, MS 39404

All payments must be received by Lender consistent with any written payment instructions provided by Lender. If a payment is made consistent with Lender's payment instructions but received after normal business hours on a business day, Lender will credit my payment on the next business day.

**PREPAYMENT; MINIMUM INTEREST CHARGE.** I agree that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be refunded to me upon early payment (whether voluntary or as a result of default), except as otherwise required by law. In any event, even upon full prepayment of this Note, I understand that Lender is entitled to a **minimum interest charge of $15.00.** Other than my obligation to pay any minimum interest charge, I may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve me of my obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in my making fewer payments. I agree not to send Lender payments marked "paid in full", "without recourse", or similar language. If I send such a payment, Lender may accept it without losing any of Lender's rights under this Note, and I will remain obligated to pay any further amount owed to Lender. **All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: THE FIRST BANK, P.O. Box 15549 Hattiesburg, MS 39404.**

**LATE CHARGE.** If a payment is 16 days or more late, I will be charged **4.000%** of the unpaid portion of the regularly scheduled payment or **$5.00,** whichever is greater. However, in no event will the late charge exceed **$50.00.**

**INTEREST AFTER DEFAULT.** Upon maturity, whether scheduled or accelerated by Lender because of my default, the total sum due under this Note will continue to accrue interest at the interest rate under this Note.

**DEFAULT.** I will be in default under this Note if any of the following happen:

**Payment Default.** I fail to make any payment when due under this Note.

**Break Other Promises.** I break any promise made to Lender or fail to perform promptly at the time and strictly in the manner provided in this Note or in any agreement related to this Note, or in any other agreement or loan I have with Lender.

**False Statements.** Any representation or statement made or furnished to Lender by me or on my behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished.

**Death or Insolvency.** Any Borrower dies or becomes insolvent; a receiver is appointed for any part of my property; I make an assignment for the benefit of creditors; or any proceeding is commenced either by me or against me under any bankruptcy or insolvency laws.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the property or any other of my property in which Lender has a lien. This includes taking of, garnishing of or levying on my accounts with Lender. However, if I dispute in good faith whether the claim on which the taking of the property is based is valid or reasonable, and if I give Lender written notice of the claim and furnish Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Defective Collateralization.** This Note or any of the related documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Collateral Damage or Loss.** Any collateral securing this Note is lost, stolen, substantially damaged or destroyed and the loss, theft, substantial damage or destruction is not covered by insurance.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Insecurity.** Lender in good faith believes itself insecure.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then I will pay that amount.

**ARBITRATION .** THIS ARBITRATION PROVISION PROVIDES THAT I MAY BE REQUIRED TO SETTLE A CLAIM OR DISPUTE THROUGH ARBITRATION, EVEN IF I PREFER TO LITIGATE SUCH CLAIMS IN COURT. I ACKNOWLEDGE THAT I AM WAIVING RIGHTS I MAY HAVE TO LITIGATE MY CLAIMS IN A COURT OR BEFORE A JURY. I ALSO ACKNOWLEDGE THAT I AM WAIVING MY RIGHT TO PARTICIPATE IN A CLASS ACTION LAWSUIT, CLASS ACTION ARBITRATION, OR OTHER REPRESENTATIVE ACTION WITH RESPECT TO SAID CLAIMS. This arbitration provision is a part of every Promissory Note entered into by Lender, and Lender does not agree to hold a class action arbitration. Any and all disputes, controversies or claims ("Claims") either of us may have against the other, whether based on law, statute, contract, tort, regulation, common law or any other legal theory; and whether seeking as a remedy money damages, penalties, injunctions or declaratory, or equitable relief, shall be, at the election of either of us, resolved by binding arbitration under the terms of the Federal Arbitration Act ("FAA") and said arbitration shall be administered by the American Arbitration Association ("AAA") according to its Commercial Arbitration Rules and the Supplemental Procedures for Consumer-Related disputes. Claims subject to arbitration include Claims asserted as counter-claims, cross-claims, third-party claims, interpleaders or otherwise and any and all fees, costs and expenses including attorneys' fees, as permitted by the AAA rules. Any court having jurisdiction may enter a judgment upon any award made by the arbitrator. The arbitrator's award will be final and binding upon the parties [...] [...] is Note shall constitute a waiver of this

No act to take or dispose of any property securing [...] arbitration provision or be prohibited by this arbitration p[...] [...] , obtaining injunctive relief or temporary



EXHIBIT

10

## PROMISSORY NOTE
### (Continued)

| Loan No | 769 | | Page 2 |
|---|---|---|---|

restraining order, invoking a power of sale under any deed of trust or mortgage, obtaining a writ of attachment or imposition of a receiver, or exercising any rights relating to personal property, including taking or disposing of such property with or without judicial process pursuant to Article 9 of the Uniform Commercial Code. Any disputes, claims or controversies concerning the lawfulness or reasonableness of any act or exercise of any right concerning any property securing an obligation I have to Lender, including any claim to rescind, reform or otherwise modify any agreement relating to the property securing this Note, shall also be arbitrated, provided however, that no arbitrator shall have the right or the power to enjoin or restrain any act of any party. **ARBITRATION CLAUSE DOES NOT APPLY TO COVERED BORROWERS**

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if I do not pay. I will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, I also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER.** Lender and I hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or me against the other.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Mississippi without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Mississippi.

**CHOICE OF VENUE.** If there is a lawsuit, I agree upon Lender's request to submit to the jurisdiction of the courts of Jones County, State of Mississippi.

**DISHONORED ITEM FEE.** I will pay a fee to Lender of $36.00 if I make a payment on my loan and the check or preauthorized charge with which I pay is later dishonored. In the event Lender is charged a fee or service charge as a result of return of a dishonored payment, Lender may add up to $15.00 of such fee or service charge to the unpaid principal balance.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all my accounts with Lender (whether checking, savings, or some other account). This includes all accounts I hold jointly with someone else and all accounts I may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. I authorize Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts.

**COLLATERAL.** I acknowledge this Note is secured by the following collateral described in the security instrument listed herein:

(A) a Consumer Security Agreement dated January 23, 2025 made and executed between CHANCE D. SIMS and Lender on collateral described as:

2020 KIOTI TRACTOR SERIAL #WP9400263; WHETHER ANY OF THE FOREGOING IS OWNED NOW OR ACQUIRED LATER; ALL ATTACHMENTS, ACCESSIONS, ADDITIONS, REPLACEMENTS, AND SUBSTITUTIONS RELATING TO ANY OF THE FOREGOING; ALL RECORDS OF ANY KIND RELATING TO ANY OF THE FOREGOING; ALL PROCEEDS RELATING TO ANY OF THE FOREGOING (INCLUDING INSURANCE, GENERAL INTANGIBLES AND ACCOUNTS PROCEEDS).

**SINGLE INTEREST INSURANCE.** I WILL PURCHASE SINGLE INTEREST INSURANCE FOR THE AMOUNTS YOU REQUIRE AS DESCRIBED IN ONE OF THE OTHER DOCUMENTS I SIGN FOR THIS LOAN.

I MAY OBTAIN SINGLE INTEREST INSURANCE FROM ANYONE I WANT THAT IS ACCEPTABLE TO YOU. IF I GET THE INSURANCE FROM OR THROUGH YOU, I WILL PAY $25.00 FOR 36 MONTH(S) OF COVERAGE.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon me, and upon my heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. I and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several. This means that the words "I", "me", and "my" mean each and all of the persons signing below.

PRIOR TO SIGNING THIS NOTE, I READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. I AGREE TO THE TERMS OF THE NOTE.

I ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

**BORROWER:**

X _____    01/23/2025
CHANCE D. SIMS